HARRY SETTEL, RESPONDENT, v. PUBLIC SERVICE RAIL-
WAY COMPANY, APPELLANT.

Argued February 18, 1919—Decided June 4, 1919.

When the judge of the District Court is sitting without a jury, and
before he has announced the decision, he may in his discretion
on his initiative enter a nonsuit against the plaintiff. In such a
case the action of the court, unless it has abused its discretion,
is no ground of error.

On appeal from the District Court.

Before Justices BERGEN, KALISCH and BLACK.

For the respondent, *Benjamin William Miller.*

For the appellant, *Hoffman, Tynan & Caffrey.*

The opinion of the court was delivered by

BLACK, J. This case was tried by the District Court with-
out a jury, resulting in a nonsuit for the plaintiff. The only
mooted question in the case is the power of the court to make
the judicial ruling at the time it was made. The appeal is
by the defendant and the point is urged that the trial judge
was bound to direct a verdict in favor of the defendant. This
is the determination in respect to which the appellant is dis-
satisfied in point of law. The record shows that when the
defendant closed its case the trial judge said: "In view of
that fact I am going to enter a nonsuit in this case on the
ground that the plaintiff was guilty of contributory negli-
gence." Mr. Caffrey—"I move for judgment for defendant."
The Court—"No, I will grant a nonsuit on the ground of
contributory negligence." Exception allowed. The testi-
mony is not returned with the state of the case. What the
trial judge said about the testimony was a rehearsal or mere
comment. It was not a finding of fact or decision in the case.

We think the court in granting a nonsuit was within its judicial power to so act. It was an act of judicial discretion. The cases of *Greenfield* v. *Cary*, 70 *N. J. L.* 613, and *Ciesmelewski* v. *Domalewski*, 90 *Id.* 34, cited by the appellant are not in point.

· The first decides that the plaintiff has a right to suffer a nonsuit at any time before the jury have retired to consider their verdict. The second decides that when the court, sitting as a jury, has pronounced its judgment, the trial has progressed to a stage at which under the statute a voluntary nonsuit is not a matter of right. In such a case the verdict has not only been considered, it has been rendered. So, in *Wolf Company* v. *Fulton Realty Co.*, 83 *N. J. L.* 344, it was held that the plaintiff has no right to submit to a voluntary nonsuit, after the judge has begun to announce his decision.

None of these cases, however, challenged the power of the trial court to enter a nonsuit on its own motion, before judgment was pronounced in favor of the defendant. This is quite different from the plaintiff's right to submit to a voluntary nonsuit. The rule in reference to a dismissal or nonsuit is thus stated. It is held, however, that while all legal right on the part of the plaintiff has ended, the court may in its discretion permit the plaintiff to recall such submission and dismiss without prejudice; and in such case the action of the court, unless it has abused its discretion, is no ground of error. 14 *Cyc.* 402, ¶ 6; *Id.* 401, ¶ 3; 9 *R. C. L.* 195, ¶ 6.

In addition to this, it is quite evident that the trial judge intended to bring his ruling within the District Court act (*Pamph. L.* 1898, *p.* 618, ¶ 167; *Comp. Stat., p.* 2003, ¶ 167), which provided that "every District Court shall have power to nonsuit the plaintiff in every case in which satisfactory proof shall not be given entitling either plaintiff or defendant to the judgment of said court."

The judgment of the District Court is affirmed, with costs.